UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON LATRELL THOMAS,<br><br>    Plaintiff,<br><br>    v.<br><br>V. MINGLANA,<br><br>    Defendant. | Case No. 22-cv-04765-JST<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT MINGLANA'S MOTION TO DISMISS; GRANTING NUNC PRO TUNC EXTENSION OF TIME TO FILE OPPOSITION**<br><br>Re: ECF Nos. 22, 24 |

Plaintiff Jason Latrell Thomas, an inmate housed at Kern Valley State Prison, has filed this *pro se* action, alleging that Salinas Valley State Prison ("SVSP") correctional officer V. Minglana was deliberately indifferent to his safety, in violation of the Eighth Amendment. ECF Nos. 1, 13. Defendant Minglana has filed a motion to dismiss the complaint, ECF No. 22; Plaintiff has filed an opposition, ECF No. 26, and Defendant has filed a reply, ECF No. 27. For the reasons set forth below, the Court grants in part and denies in part the motion to dismiss. ECF No. 22. The Court also grants *nunc pro tunc* Plaintiff's request for an extension of time to file his opposition to the summary judgment motion, ECF No. 24, and deems the opposition, ECF No. 26, timely filed.

**DISCUSSION**

**I.      Complaint**

The complaint makes the following allegations. In early 2021, inmate Jackson offered Plaintiff $30.00 to make inmate Jackson's television play music from his CD player. Plaintiff agreed and took inmate Jackson's TV into his cell. However, Plaintiff could not turn on inmate Jackson's TV. Inmate Jackson accused Plaintiff of breaking his television and threatened to stab Plaintiff if Plaintiff did not pay him $250. Inmate Jackson told Plaintiff that he was affiliated with

1  Independent Rider, a protective custody prison gang, and had access to real knives.  Plaintiff
2  refused to pay, having discovered that the television was not broken and merely had a shortage in
3  the power button and would turn on if the side were tapped.  Around April 8, 2021, Plaintiff
4  sought protection from custody staff by informing Mental Health of his situation.  Mental Health
5  informed defendant Minglana.  Defendant Minglana told Plaintiff, "I'm not sending you to the
6  hole (Ad-Seg) because of a T.V., but if you say it's a drug debt I'll let you go to ASU."  When
7  Plaintiff refused to say it was a drug debt, defendant Minglana told Plaintiff to pay the $250.
8  Defendant Minglana then told inmate Jackson that Plaintiff was claiming that inmate Jackson was
9  trying to extort him.  Plaintiff was called into a meeting with Lt. Beam and defendant Minglana.
10 In this meeting, defendant Minglana called Plaintiff a liar and told Plaintiff to say it was a drug
11 debt.  Plaintiff refused, stating, "Why would I tell you that lie, I don't even do drugs."  Lt. Beam
12 issued a lockup order and placed Plaintiff in ASU (administrative segregation) to address
13 Plaintiff's safety concerns.  Defendant Minglana issued Plaintiff two disciplinary reports, alleging
14 that Plaintiff had engaged in behavior that could lead to violence by taking inmate Jackson's
15 television and breaking it.  Defendant Minglana also issued a 128(b) information chrono that
16 stated that Plaintiff's safety concerns were fabricated.  Plaintiff was deemed a liar by
17 classification, told by the captain to pay the extortion, and sent back to D-facility.  Plaintiff was
18 found not guilty of the disciplinary report issued by defendant Minglana.  Plaintiff eventually paid
19 the extortion to ensure his safety.  Plaintiff seeks a declaratory judgment that defendant Minglana
20 violated his constitutional rights, compensatory and punitive damages, costs of suit, and any other
21 relief the Court deems proper.  *See generally* ECF Nos. 1, 13.

**II.    Motion to Dismiss**

    **A.    Legal Standard**

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of a plaintiff's complaint.  *See Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).  Under the "notice pleading" standard of the Federal Rules of Civil Procedure, a plaintiff's complaint must provide a short and plain statement of the plaintiff's claims showing entitlement to relief.  Fed. R. Civ. P. 8(a)(2); *see also Paulsen v. CNF, Inc.*, 559 F.3d 1061, 1071 (9th Cir. 2009).

1  "[A] court may dismiss a complaint as a matter of law for (1) lack of cognizable legal
2  theory or (2) insufficient facts under a cognizable legal claim." *SmileCare Dental Grp. v. Delta*
3  *Dental Plan of Cal.*, 88 F.3d 780, 783 (9th Cir. 1996) (citation omitted).  However, a complaint
4  will survive a motion to dismiss if it contains "enough facts to state a claim to relief that is
5  plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).
6  In making this determination, a court reviews the contents of the complaint, accepting all
7  factual allegations as true and drawing all reasonable inferences in favor of the nonmoving party.
8  *See Cedars-Sinai Med. Ctr. v. Nat'l League of Postmasters of U.S.*, 497 F.3d 972, 975 (9th Cir.
9  2007).  Notwithstanding this deference, the reviewing court need not accept as true conclusory
10 allegations that are contradicted by documents referred to in the complaint, *Paulsen*, 559 F.3d at
11 1071, and need not accept as true legal conclusions cast in the form of factual allegations, *see*
12 *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  It is also improper for a court to assume "the
13 [plaintiff] can prove facts that [he or she] has not alleged." *Assoc. Gen. Contractors of Cal., Inc.*
14 *v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).  However, "[w]hen there are well-
15 pleaded factual allegations, a court should assume their veracity and then determine whether they
16 plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 664.  "In sum, for a complaint to
17 survive a motion to dismiss, the non-conclusory factual content, and reasonable inferences from
18 that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S.*
19 *Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (quotations and citation omitted).
20 In ruling on a motion to dismiss pursuant to Fed. R. Civ. P. 12(b), the court "may generally
21 consider only allegations contained in the pleadings, exhibits attached to the complaint, and
22 matters properly subject to judicial notice." *Outdoor Media Group, Inc. v. City of Beaumont*, 506
23 F.3d 895, 899 (9th Cir.2007) (citation and quotation marks omitted).

**B.   Analysis**

25 Defendant alleges that this action should be dismissed because Plaintiff has not made the
26 requisite showing of physical injury and because Plaintiff has not made allegations that defendant
27 Minglana deprived him of protection as Plaintiff was ultimately sent to administrative segregation.
28 ECF No. 22.  The Court addresses each argument in turn below.

3

### 1.  PLRA's Physical Injury Requirement

Defendant alleges that this action should be dismissed because the Prison Litigation Reform Act ("PLRA") requires that any claim for mental and emotional injury requires a prior showing of physical injury, and the complaint only alleges mental and emotional injuries. ECF No. 22 at 6. Plaintiff argues this requirement does not apply to this action because he filed this action in 2022 and this requirement only applies prospectively to actions filed after the enactment of the PLRA. Plaintiff also argues that numerous courts have recognized that mental or emotional injury is sufficient to state an Eighth Amendment claim.

The Court has reviewed the complaint and the briefing in detail, and finds that the claim for compensatory damages for mental and emotional injuries are barred by 42 U.S.C. § 1997e(e), but that the remaining claims for relief remain. Plaintiff is incorrect that the PLRA does not apply to this action. The PLRA was enacted in 1996. This action, filed in 2022, is therefore governed by the PLRA. The PLRA provides that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison or other correctional facility for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act (as defined in section 2246 of Title 18)." 42 U.S.C. § 1997e(e). Here, the complaint alleges only emotional and mental suffering. ECF No. 1 at 11 ("As a direct result, I suffered and continue to suffer and will continue to suffer from shame, humiliation, degradation, emotional distress, embarrassment, mental distress, PTSD symptoms which require higher level of mental health care.").

42 U.S.C. § 1997e(e), however, only applies to claims for mental or emotional injury. 42 U.S.C. § 1997e(e) does not bar claims for declaratory or injunctive relief, *see Zehner v. Trigg*, 133 F.3d 459, 461-64 (7th Cir. 1997), and does not bar claims seeking nominal or punitive damages that are not premised on any specified injury, *see Oliver v. Keller*, 289 F.3d 623, 630 (9th Cir. 2002) (§ 1997e(e) inapplicable to claims for nominal and punitive damages not premised on mental or emotional injury). The complaint seeks declaratory relief, compensatory damages, punitive damages, costs of suit, and any other relief that the Court deems appropriate. 42 U.S.C. § 1997e(e) therefore requires the dismissal of the request for compensatory damages for Plaintiff's mental and emotional injuries, but does not require dismissal of the requests for declaratory relief

4

1  and punitive damages. The Court also construes the complaint as asserting a claim for nominal

2  damages even though not expressly requested. *See Oliver*, 298 F.3d at 630 ("Appellant's

3  complaint seeks punitive damages and is consistent with a claim for nominal damages even

4  though they are not expressly requested.").

### 2. Failure to State Failure-to-Protect Claim

Defendant alleges that, in the alternative, this action should be dismissed because the complaint fails to allege that Plaintiff was deprived of protection. Defendant characterizes the complaint as follows:

> The Complaint merely asserts that [Defendant] expressed doubt as to the nature of Plaintiff's dispute with the other inmate ("I'm not sending you to the hole (Ad-Seg) because of a T.V., but if you say it's a drug debt I'll let you go to ASU") and that she initially refused to send him to administrative segregation.

ECF No. 22 at 7. Defendant argues that these allegations are insufficient to state a failure to protect claim because Plaintiff ultimately received the protection sought, i.e., he was sent to administrative segregation. *Id.*

The Court denies the motion to dismiss based on Defendant's argument that the complaint's allegations are insufficient to state a failure-to-protect claim. The complaint's allegations are sufficient to state an Eighth Amendment failure-to-protect claim against defendant Minglana.

The Eighth Amendment requires that prison officials protect prisoners from violence at the hands of other prisoners. *Farmer v. Brennan*, 511 U.S. 825, 833 (1994). The failure of prison officials to protect inmates from attacks by other inmates or from dangerous conditions at the prison violates the Eighth Amendment when two requirements are met: (1) the deprivation alleged is, objectively, sufficiently serious; and (2) the prison official is, subjectively, deliberately indifferent to inmate health or safety. *Id.* at 834. A prison official is deliberately indifferent if he knows of and disregards an excessive risk to inmate health or safety by failing to take reasonable steps to abate it. *Id.* at 837. To state a failure-to-protect claim, it is sufficient if a *pro se* complaint makes allegations sufficient to raise an inference that the named prison official knew that plaintiff faced a substantial risk of serious harm and disregarded that risk by failing to take reasonable

5

measures to abate the harm. *Hearns v. Terhune*, 413 F.3d 1036, 1041-42 (9th Cir. 2005). A prisoner need not wait until he is actually assaulted or harmed to state a claim and obtain relief. *See id.* at 845; *Gonzalez v. CDCR*, 739 F.3d 1226, 1235 (9th Cir. 2014) (finding standing to bring 8th Amendment challenge to prison's gang debriefing process, even though prisoner had not yet debriefed, where he alleged risk of retaliation from other gang members).

The complaint alleges that (1) Plaintiff informed defendant that inmate Jackson incorrectly believed that Plaintiff had broken inmate Jackson's television, threatened to stab Plaintiff if Plaintiff did not pay him $250 to compensate him for the television, and told Plaintiff that he was associated with Independent Rider, a protective custody prison gang, that had access to real knives; (2) defendant Minglana refused Plaintiff's request for protective custody unless Plaintiff claimed that the safety need arose from a drug debt that Plaintiff owed inmate Jackson, and when Plaintiff refused to claim it was a drug debt, defendant Minglana refused to house Plaintiff in protective custody; and (3) defendant Minglana told inmate Jackson that Plaintiff had accused inmate Jackson of trying to extort him. ECF No. 1 at 7-8.

Liberally construed, these allegations are sufficient to raise an inference that there was an excessive risk to Plaintiff's safety because inmate Jackson was threatening to stab Plaintiff if Plaintiff did not give him $250 and because defendant Minglana told inmate Jackson that Plaintiff had accused him of extortion; that defendant Minglana was aware of this risk; and that defendant Minglana failed to take reasonable steps to abate that risk by placing Plaintiff in protective custody and by not informing inmate Jackson of Plaintiff's safety concerns. A failure-to-protect claim is not defeated by other prison officials taking steps to abate the risk of excessive safety to the inmate. The complaint's allegation that Lt. Beam granted Plaintiff's request for protective custody does not defeat the claim that defendant Minglana violated her Eighth Amendment duty to protect Plaintiff from an excessive risk to his safety.

## CONCLUSION

For the reasons set forth below, the Court ORDERS as follows.

1. The Court grants *nunc pro tunc* Plaintiff's request for an extension of time to file his opposition to the summary judgment motion, ECF No. 24, and deems the opposition, ECF No.

26, timely filed.

2. The Court grants in part and denies in part Defendant's motion to dismiss. The Court grants Defendant's motion to dismiss Plaintiff's request for relief arising out of his mental and emotional injuries, and dismisses Plaintiff's claims for compensatory damages for his mental and emotional injuries. The Court denies Defendant's motion to dismiss the remainder of the complaint.

3. This action proceeds on the claim that defendant Minglana was deliberately indifferent to Plaintiff's safety when she refused Plaintiff's request for protective custody and predicated his placement in protective custody on his admitting to a drug debt; and when she informed inmate Jackson that Plaintiff had accused him of extortion, and the request for declaratory relief, punitive damages, nominal damages, costs of suit, and relief which the Court deems appropriate.

4. The Court sets the following briefing schedule. No later than 91 days from the date this order is filed, Defendant must file and serve a motion for summary judgment or other dispositive motion. If Defendant is of the opinion that this case cannot be resolved by summary judgment, Defendant must so inform the Court prior to the date the motion is due. Plaintiff's opposition to the summary judgment or other dispositive motion must be filed with the Court and served upon Defendant no later than 28 days from the date the motion is filed. Plaintiff must bear in mind the notice and warning regarding summary judgment provided later in this order as he prepares his opposition to any motion for summary judgment. Defendant(s) shall file a reply brief no later than 14 days after the date the opposition is filed. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion.

    a. A motion for summary judgment also must be accompanied by a *Rand* notice so that Plaintiff will have fair, timely, and adequate notice of what is required of him in order to oppose the motion. *Woods v. Carey*, 684 F.3d 934, 939 (9th Cir. 2012) (notice requirement set out in *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998), must be served

concurrently with motion for summary judgment).[1]  Plaintiff is advised that a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case. Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact – that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case.  When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says.  Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(c), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial.  If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.  *Rand v. Rowland*, 154 F.3d 952, 962–63 (9th Cir. 1998) (en banc) (App. A).  (The *Rand* notice above does not excuse Defendant's obligation to serve said notice again concurrently with a motion for summary judgment.  *Woods*, 684 F.3d at 939).

This order terminates ECF No. 22.

**IT IS SO ORDERED.**

Dated:  February 12, 2024

_____
JON S. TIGAR
United States District Judge

---

[1] If Defendant asserts that Plaintiff failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a), Defendant must raise such argument in a motion for summary judgment, pursuant to the Ninth Circuit's opinion in *Albino v. Baca*, 747 F.3d 1162 (9th Cir. 2014) (en banc) (overruling *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003), which held that failure to exhaust available administrative remedies under the Prison Litigation Reform Act, should be raised by a defendant as an unenumerated Rule 12(b) motion).